IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMES CLIFTON BRADLEY,**

    **Plaintiff,**

vs.                                                            CASE NO. 4:20-CV-00590-WS-MAF

**THIRD JUDICIAL CIRCUIT
STATE ATTORNEY,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is a prisoner housed at Wakulla Correctional Institution and was denied leave to proceed *in forma pauperis*. For the reasons stated below, the case should be dismissed without prejudice because Plaintiff is a three-striker under the Prison Litigation Reform Act (PLRA).

### I.  Plaintiff's Complaint

Plaintiff's complaint is largely a rambling narrative and an impermissible shotgun pleading. As best can be determined, Plaintiff makes general allegations of false imprisonment, sexual harassment, and assault and battery, which presumably occurred from October 2013 through

December 2020. ECF No. 1, pp. 5-6. He attributes no set of facts to any named defendant. Id. As relief, Plaintiff seeks "warrants with subpoenas" and "arrests." Id., p. 7. In his complaint, Plaintiff failed to disclose his significant litigation history and his status as a three striker. Id., pp. 8-9. Plaintiff filed the complaint on December 22, 2020.

## II.  Discussion

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is no stranger to the federal courts. The Court takes judicial notice of certain federal actions previously brought by Plaintiff, while he was a prisoner under the PLRA, which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: M.D. Fla. Case No. 3:00-CV-713, M.D. Fla. Case No. 3:00-CV-714, and M.D. Fla. Case No. 3:00-CV-914 (case dismissed for making false statements to the court by failing to disclose litigation history consisting of twenty-seven prior civil rights filing in the court). In dismissing a 2015 case, the court noted that Plaintiff

initiated at least ninety civil rights cases over a fifteen-year period in the Middle District of Florida alone. See M.D. Fla. Case No. 3:15-cv-01480-HLA-PDB, ECF No. 3. Plaintiff remains undeterred from this practice. The federal courts repeatedly dismissed Plaintiff's cases because he is a "three-striker." See M.D. Fla. Case No. 3:00-CV-1201, M.D. Fla. Case No. 3:07-CV-329, M.D. Fla. Case No. 3:07-CV-341, and N.D. Fla. Case No. 4:20-CV-00084-AW-HTC.

Plaintiff has not alleged he is under imminent danger of serious physical injury. Plaintiff sues only for past conduct. See Medberry v. Butler, 1285 F.3d 1189, 1193 (11th Cir. 1999) (finding that past conduct cannot serve as a basis for the exception to Section 1915(g)). Because Plaintiff has three or more prior qualifying dismissals and is not under imminent danger of physical injury, the Court should DISMISS Plaintiff's complaint without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form along with the $400 filing fee ($350 filling fee and $50 administrative fee).

### III. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) and that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on February 1, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).